UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **HELENE PARNELL** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **TRANSNATIONAL** | § | |
| **INVESTMENTS, INC.,** | § | |
| | § | |
| **Defendant.** | § | (Jury Trial Demanded) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Helene Parnell ("Parnell" or "Plaintiff"), complaining of and about Transnational Investments, Inc., ("TI" or "Defendant"), and in support shows as follows:

## I.     INTRODUCTION

1. This is an action under Title VII of the Civil Rights Act of 1964 for Defendant's unlawful employment practices on the basis of sex.

## II.     PARTIES

2. Plaintiff Helene Parnell is a female and brings this action individually, Plaintiff resides in Waller County, Texas. From April 2011 until April 2013, Plaintiff was employed by Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

3. Defendant Transnational Investments, Inc. is a Texas corporation conducting business in Texas. Defendant is an employer within the meaning of the applicable statutes and employs between one hundred and one (101) and two hundred (200) regular employees.

Defendant can be served through its register agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

### III.     JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 as it arises under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5.      This Court has jurisdiction over Defendant because Defendant is corporation formed under Texas law and Defendant has purposefully availed itself of the privilege of conducting business in the state of Texas.  Defendant conducts business in Texas and has continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

6.      The Southern District of Texas is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this district. Venue is also proper in this district because Defendant operated within this judicial district at all relevant times to the events giving rise to this suit.

### IV.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.      On June 18, 2013, Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").  In that Charge No. 460-2013-02811, Plaintiff asserted that Defendant discriminated against her because of her sex and retaliated against her. A true and correct copy of Plaintiff's EEOC Charge is attached as Exhibit "A."

8.      On August 24, 2017, the EEOC issued a Determination letter finding that there is reasonable cause to believe Defendant violated Title VII.  The EEOC determined that Plaintiff

was sexually harassed and retaliated against for engaging in a protected activity. A true and correct copy of the August 24, 2017 EEOC Determination Letter is attached as Exhibit "B."

9. On September 18, 2017, the EEOC issued a Notice of Right to Sue. A copy of the Notice of Right to Sue is attached as Exhibit "C." Plaintiff files this Original Complaint within 90 days of receiving the Right to Sue Notice from the EEOC.

## V.     FACTS

10. Plaintiff began working for Defendant as a Property Manager at one of Defendant's properties, Ashley Crest Apartments in April 2011.

11. Defendant is co-managed by a married couple, Bob and Maria Elam. Together they supervised five different properties for Defendant.

12. During Plaintiff's employment, Defendant did not have a Human Resources Department or any Human Resources personnel.

13. Bob Elam was one of Plaintiff's superiors.

14. Employees were prohibited from contacting Defendant's president, Benjamin Cheng.

15. While Plaintiff worked for Defendant she was subjected to sexual harassment by Bob Elam.

16. Bob Elam made the following comments to Plaintiff while she worked for Defendant:

    a. "You're just dingy, right? You need a good man to run away with. C'mon let's go. You need a man to make sure there are no brains left."

    b. "I forgot how good you look in black."

    c. "Will 60 bucks get me a hug or what?"

d.  "I don't want anyone to think I play favorites, but I do.  I like having eye candy around.  I should have stolen you from Bob [Bob is Plaintiff's since deceased husband].  At least I can chase you around the office anytime I want."

e.  "I got you in the office with the door closed.  I'd rather stay here."

f.  "I can't get you to go out and drink a bunch of crown with me."

g.  "I'm going to camp out at your door and make your boyfriend leave."

h.  "The only son of a bitch that you are going to have to deal with will be me."

i.  "I will camp at your door.  I will run your boyfriend off and I'm a needy son of a bitch.  I want what I want and I want it now."

j.  "I'm very needy, sweetie."

k.  "I'll get rid of my wife and target you and you'll never get rid of me."

l.  "I'm not Bob.  I'm not going to get a brain tumor."

m.  "I'm just going to be a pain in your side for the rest of your life."

n.  "I'll be holding on to you tight.  Guaranteed."

o.  "I should throw her [Plaintiff] in the trunk.  Kidnap her and run away."

p.  "Let's see what kind of mood we can get you in."

q.  "You know Helene I like you more and more the more I get to know you."

17.  The sexual comments and pressure to engage in a sexual relationship by Bob Elam were unwanted and unwelcome by Plaintiff.

18.  Plaintiff expressed to Bob Elam she felt uncomfortable and did not like the sexual comments.

19. Bob Elam was open about his sexual interest in Plaintiff and other employees of Defendant there aware of the harassment, including Bob Elam's wife, Maria Elam.

20. After Maria Elam realized her husband was sexually interested in Plaintiff, Maria Elam began to harass Plaintiff.

21. Maria Elam treated Plaintiff harshly and different from other property managers. Plaintiff complained about the discriminatory treatment to Maria Elam, but the discriminatory and retaliatory treatment only got worse and Plaintiff was eventually terminated.

### VI.   CAUSE OF ACTION No. 1:
### SEXUAL HARASSMENT AND DISCRIMINATION UNDER TITLE VII

22. Plaintiff incorporates all allegations made above.

23. Defendant intentionally discriminated against Plaintiff in violation of Title VII. Specifically, when Plaintiff objected to and protested Bob Elam's sexual advances, she suffered a tangible employment action.

24. Moreover, Defendant intentionally discriminated against Plaintiff in violation of Title VII by creating a sexually hostile work environment. Specifically, Plaintiff belongs to a protected group (female); Plaintiff was subjected to continuing and on-going unwelcome verbal sexual conduct constituting harassment, which harassment was based on sex; and the harassment complained of affected a term, condition, or privilege of employment.

25. Plaintiff's superior, Bob Elam, caused this sexually hostile work environment.

26. Defendant's male employees were not subjected to this sexually hostile work environment.

27. Plaintiff objected and protested the incidents of sexual harassment. Plaintiff's direct supervisor was aware of the sexual harassment and did nothing to ameliorate the situation. Defendant failed to exercise reasonable care to prevent, cure and/or correct sexually harassing

behavior in the workplace.

28. In addition, Defendant's negligence led to the creation and/or continuation of the sexually hostile working environment. Specifically, Defendant failed to prevent sexual harassment from occurring in the workplace by, but not limited to the following: failing to monitor the workplace; failing to provide an adequate system for handling sexual harassment complaints; and failing to respond to sexual harassment complaints.

29. Defendant is vicariously liable for the sexual harassment perpetrated by its employee to Plaintiff and is liable for failing to remedy sexual harassment in the workplace.

## VII.   CAUSE OF ACTION NO. 2: RETALIATION UNDER TITLE VII

30. Plaintiff incorporates all of the allegations made above.

31. Under 42 U.S.C. §2000e-3(a), it is an unlawful employment practice for an employer to discriminate against any of its employees because that employee has opposed any practice, which constitutes sexual harassment and/or discrimination based on sex.

32. Defendant retaliated and/or discriminated against Plaintiff for her opposition to a discriminatory practice, including but not limited to her opposition to Bob Elam's sexually harassing behavior.

33. After Plaintiff opposed Bob Elam's sexual harassing behavior, Plaintiff suffered a material adverse employment action, including, but not limited to termination. Said material adverse employment action would not have occurred "but for" Plaintiff's opposition to Bob Elam's sexually harassing behavior.

34. That is, the termination of Plaintiff was in direct retaliation for the exercise of her rights to oppose, object and report the ongoing sexual harassment in the workplace.

## VIII.   RESPONDEAT SUPERIOR AND RATIFICATION

35. Whenever in this complaint it is alleged that the Defendant, did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## IX.   DAMAGES

36. Plaintiff seeks monetary relief between $200,000 and $1,000,000.00.

37. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages, which include, but are not limited to severe emotional distress, mental anguish, humiliation and embarrassment in the past and which in reasonable probability will be suffered in the future; past and future lost wages and benefits; loss of employment capacity; past and future medical bills, and such other damages as will be more fully shown at trial and for which Plaintiff specifically sues herein.

38. Plaintiff would further show that the acts of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of Plaintiff.  In order to punish Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## X.   ATTORNEY'S FEE AND COSTS

39. Plaintiff is entitled to an award of attorney's fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## XI.   JURY DEMAND

40. Plaintiff requests a trial by jury on all issues that can be tried to a jury.

## XII.   PRAYER

WHEREFORE, premises considered, Plaintiff prays that the Defendant be cited to appear and answer herein, and that upon a final trial, judgment be entered for the Plaintiff against Defendant for:

a. actual and consequential damages, including, but not limited to back pay (wages and benefits) and medical bills in the past and future;

b. compensatory damages, including, but not limited to severe emotional distress, mental anguish, humiliation and embarrassment in the past and which in reasonable probability will be suffered in the future;

c. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

d. Reasonable attorney's fees, with conditional awards in the event of appeal;

e. Pre-judgment interest at the highest rate permitted by law;

f. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

h. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

By: */s/Sara Richey*
Sara Richey
Attorney-in-Charge
Federal Bar No: 1147425
Texas Bar No.: 24068763
3801 Kirby Dr., Suite 344
Houston, TX 77098
Tel. (713) 636-9931
Fax. (713) 333-5299
sara@thericheylawform.com

Attorney for Plaintiff